UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTLUND STIVERS,

    Plaintiff,

v.                                                                          Case No. 2:09-cv-203
                                                                        CONSENT CASE

CURTIS L. MARTS,

    Defendant.
_____/

## OPINION

Plaintiff alleges that on September 8, 2008, the parties entered into a contract for the sale of real estate located in Minnesota for the sum of $5,000,000. The promissory note signed by the parties provides that the land is 500 cemetery plots and that payment for this land is to be made in $500,000 installments over ten years with an interest rate of six percent per annum, interest in the amount of $300,000 to be paid in full with the first payment. Plaintiff moves for summary judgment alleging that defendant failed to make his first payment on September 9, 2009, in the amount of $500,000, plus $300,000 in interest. Defendant also moves for summary judgment, claiming that the contract between the parties is invalid for lack of consideration and for fraudulent misrepresentation.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and

admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff and defendant entered into a promissory note agreement for the sale of 500 cemetery lots owned by plaintiff in the Hilltop Natural Cemetery in Pine County, Minnesota. According to plaintiff, the lots are located at the Northernly 660 feet of the Northeast Quarter (NE 1/4 of NE 1/4) of Section One (1), township Forty-Three (43) North, of Range Nineteen (19) West, of the Fourth Principal Meridian, Pine County, Minnesota.

Defendant alleges that he was assured by plaintiff that registration of cemetery lots was not required to be recorded in Minnesota and that plaintiff would provide the necessary documentation to substantiate title. Plaintiff continues to allege that he has the necessary documentation somewhere in his office in Wisconsin. Plaintiff has never provided any

documentation that supports the claim that the land contains cemetery lots. Defendant began to question the actual existence of the cemetery lots. When defendant contacted local Pine County officials, he was informed that the lots were not registered. The 2009 Pine County property tax statement classifies the property as a seasonal recreational cabin worth $57,200. In addition, defendant had the property appraised at a value of approximately $50,000. Finally, local property records indicate that the land had not been platted for cemetery lots and the property is currently listed by the Pine County assessor's office as "seasonal recreational" use.

> With respect to the creation of cemetery lots, the Minnesota statute provides:
>
> Any private person and any religious corporation may establish a cemetery on the person's or corporation's own land in the following manner: The land shall be surveyed and a plat thereof made. A stone or other monument shall be established to mark one corner of such cemetery, and its location shall be designated on the plat. The plat and the correctness thereof shall be certified by the surveyor, whose certificate shall be endorsed thereon, and with such endorsement shall be filed for record with the county recorder in the county where the cemetery is located, showing the area and location of the cemetery.

M.S.A. § 307.01. Clearly, Minnesota statute requires that an actual subdivision, recorded by the county, be in existence in order to own and convey the deed for a cemetery plot. There is no evidence that the property was ever converted to cemetery plots. There is no disputed question of fact on this issue. As such, the cemetery plots were materially misrepresented to defendant.

The court must look to Michigan law when deciding the validity of the contract. As a general rule, the validity and construction of a contract is controlled and is to be determined by the law of the situs, or the place where the contract was entered into. *Transit Bus Sales v. Kalamazoo Coaches*, 145 F.2d 804 (6th Cir. 1944). Similarly, the law of the place of contracting governs the issue of fraud in the inducement of a contract. *State of Ohio ex rel. Fulton v. Purse et ux*, 273 Mich

502 (1935). It is noted that in a suit which relates to land only, a conveyance of real estate depends on the state where it is situated. However, in ascertaining the intent of the parties to a given contract, consideration should be given to the laws of the state where the circumstances took place. *Taylor v. Taylor*, 310 Mich 541 (1945). Therefore, Minnesota law governs the actual creation of the cemeteries, but Michigan law governs the creation of the contract with respect to consideration and fraudulent misrepresentation.

Under Michigan law, a mutual mistake in a material fact regarding the subject matter of the contact may render that contract unenforceable. *Sherwood v. Walker*, 66 Mich. 568 (1887). A buyer's nonperformance is justified when the seller fails to provide the consideration specified in the contract. *Richardson v. Messina*, 361 Mich. 364 (1960). Defendant contends that plaintiff failed to deliver 500 cemetery plots specified in the contract. Plaintiff did execute and deliver three separate deeds to defendant; however, the deeds proved that the lots have never been converted to cemetery plots because they were never registered in Pine County. Without the conversion to cemetery plots, the land is worth only a tenth of the sale price. This greatly changes the subject matter of the contract, rendering the contract unenforceable. It is a general rule that a person who sells property on a description given by himself is bound to make good on that description; and if it is untrue in a material point, although the variance is a mistake, the seller remains liable for that variance. *M'Ferran v. Taylor*, 7 U.S. 270 (1806). Under a mutual mistake defense, the contract should be rescinded.

In addition to the lack of consideration, defendant attempts to rescind the contract on the basis of fraudulent behavior by plaintiff. Fraud in the execution induces a party to believe the nature of his act is something entirely different than it actually is. "Fraud in the execution arises

when a party executes an agreement with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms." *Iron Workers' Local 25 Pension Fund v. Allied Fence and Security Systems, Inc.*, 922 F. Supp. 1250, 1257 (E.D. Mich. 1996), citing *Uniform Commercial Code* § 3-3-05(2)(c) and *Restatement (Second) Contracts* § 163 (1981): *Electrical Workers Local, 58 Pension Trust Fund v. Gary's Electric Service Co.*, 277 F. 3d 646, 656-657 (6th Cir. 2000). Representations made by a seller of land are tantamount to fraud if they are false in fact, even if they were honestly made in the belief that they were true, if they are relied upon and misled the purchaser. *Webster v. Bailey*, 31 Mich. 36 (1875). Plaintiff induced defendant to purchase the land as "cemetery plots" in order to gain security for a different transaction that is not the subject matter of this case. However, it is clear that the land did not actually contain cemetery plots.

Under Michigan law, to rescind a contract on the basis of fraudulent misrepresentation, defendant must prove: 1) a material representation which is false, 2) known by the plaintiff to be false or made recklessly without knowledge of its truth or falsity, 3) that the plaintiff intended that the defendant rely upon the representation, 4) that the defendant in fact acted in reliance upon the plaintiff's representations, and 5) thereby suffered injury. *McMullen v. Joldersma*, 174 Mich App 207 (1988).

It is clear that plaintiff created the contract for the sale of land under fraudulent misrepresentation. Plaintiff had knowledge, or should have known, that the land was not properly registered as cemetery plots and the recreational property was worth only a fraction of the value of a cemetery. Plaintiff not only possessed the deeds, but alleges to have been the fifth generation of his family to work in the cemetery business. Next, defendant contends that plaintiff's representation of the cemetery plots was false, plaintiff knew it was false, defendant relied upon the claim of the

land actually being cemetery plots, and thereby suffered injury when he discovered the land was only worth $50,000. According to the depositions and documentary evidence submitted, plaintiff has not delivered the highly valued cemetery plots because plaintiff owns a wooded piece of land that can be characterized at this time only as recreational property. Therefore, the contract should be rescinded.

Accordingly, defendant's motion for summary judgment (Docket #31) is granted and this case is dismissed in its entirety.

  /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: October 13, 2010